IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED IN OPEN COURT

NOV 10 2011

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:11-CR-407 |
| | ) | |
| ANTONIO SANDOVAL, | ) | |
| | ) | The Honorable James C. Cacheris |
| Defendant. | ) | |

STATEMENT OF FACTS

Were this matter to go to trial, the United States of America would prove the following facts beyond a reasonable doubt:

1. From in and around January 2010 through on or about August 9, 2011, within the Eastern District of Virginia and elsewhere, the defendant, ANTONIO SANDOVAL, did unlawfully, knowingly and intentionally combine, conspire, confederate and agree with others to unlawfully, knowingly and intentionally distribute five kilograms or more of a mixture and substance containing cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

2. During the conspiracy, the defendant and his conspirators shipped multi-kilogram quantities of cocaine from the Los Angeles, California are to the Washington, DC metropolitan and New York City metropolitan areas. These conspirators used tractor-trailers outfitted with hidden compartments to transport the cocaine without being detected by law enforcement. In order to make deliveries to the Washington, DC metropolitan area, conspirators transported these multi-kilogram amounts of cocaine through the Eastern District of Virginia, most often on

1

Routes 66 and 495.

3. This cocaine was given on a consignment basis to conspirators in the Washington, DC metropolitan area, who would further distribute the cocaine to customers. These conspirators would pool the cash proceeds of their cocaine sales and give them to conspirator Jesus Sandoval. Jesus Sandoval would package the cash in vacuum sealed packaging and give it to a conspiring truck driver upon his return trip through the Washington, DC area. The conspiring truck driver would take these cash drug proceeds, sometimes totaling over $1 million, back to California for distribution to the defendant and other conspirators.

4. On or about November 9, 2010, in the Bronx, New York, a conspiring truck driver was arrested after law enforcement discovered that he was transporting approximately 16 kilograms of cocaine and approximately $400,000 in cash drug proceeds. This cocaine and cash was packed in vacuum-sealed plastic packaging.

5. On or about August 9, 2011, during the execution of a search warrant at the defendant's residence, law enforcement discovered a vacuum-sealer, packaging materials, and approximately $30,000 in United States currency, some of which was packed in plastic vacuum-sealing packaging.

6. From in and around January 2010 through on and about August 9, 2011, during the course and in furtherance of his participation in the conspiracy, the defendant was personally involved in the distribution of at least 15 kilograms, but less than 50 kilograms of cocaine, or it was reasonably foreseeable to the defendant that his co-conspirators distributed at least these amounts in furtherance of the conspiracy.

7. The acts described above were done willfully and knowingly and with the specific

intent to violate the law, and not by accident, mistake, inadvertence, or other innocent reason.

8. This Statement of Facts does not contain each and every fact known to the defendant and to the United States concerning the defendant's and others' involvement in the charges set forth in the plea agreement.

9. The Statement of Facts shall be admissible as a knowing and voluntary confession in any proceeding against the defendant regardless of whether the plea agreement is presented to or accepted by a court. Moreover, the defendant waives any rights that the defendant may have under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410, the United States Constitution, and any federal statute or rule in objecting to the admissibility of the Statement of Facts in any such proceeding.

Respectfully submitted,

Neil H. MacBride
United States Attorney

_____
Michael P. Ben'Ary
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, ANTONIO SANDOVAL, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

ANTONIO SANDOVAL
Defendant

I am ANTONIO SANDOVAL's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Alex Kessel, Esq.
Matthew Wartel, Esq.
Attorneys for ANTONIO SANDOVAL